**NORTON CREEK COMMUNITY ASSOCIATION, Appellee,**

v.

**RODMAN CORPORATION, Appellant.**

Court of Appeals of Tennessee, Western Section.

Oct. 6, 1977.

Certiorari Denied by Supreme Court Jan. 9, 1978.

---

Edward M. Ellis, Knoxville, for appellant.

W. Keith McCord, Knoxville, for appellee.

NEARN, Judge.

■ The complaint filed below was frivolous and this appeal is frivolous. *Sua sponte* we invoke T.C.A. § 27–124.

In this cause a judgment was heretofore rendered against Rodman Corporation in the amount of $52,000.00. Appeal was taken to this Court where the judgment was affirmed. A petition for certiorari was denied by the Supreme Court on July 6, 1976.

On August 26, 1976, the following "pleading" was filed in the Chancery Court for Sevier County using the same cause number as the case in which the $52,000.00 judgment was rendered:

> Comes the defendant, Rodman Corporation, and shows to the Court that the proceeding by which a judgment resulted against the Corporation is void from the beginning because the defendant was denied an adequate opportunity to prepare its defense.
>
> WHEREFORE, the defendant requests that the Court set aside the judgment and set the matter for full and final hearing.

A motion to dismiss was filed by the Norton Creek Community Association on the following grounds:

> 1. The alleged "complaint" fails to state a claim upon which relief can be granted in this cause.
>
> 2. The Court does not have jurisdiction over the subject matter in this cause, the Court having previously entered a final judgment in this cause more than thirty (30) days prior to the filing of the complaint; the matter having been appealed to the Court of Appeals by defendant from which the Court of Appeals affirmed this Court's final judgment; and the defendant having further filed a petition for writ of certiorari to the Supreme Court of Tennessee and the same having been denied. The judgment in this cause is final and binding upon the

defendant and cannot now be attacked in this cause.

> 3. The alleged "complaint" fails to comply with Rule 9 of the Tennessee Rules of Civil Procedure.
>
> 4. The alleged "complaint" shows on its face that it is frivolous.
>
> 5. The alleged "complaint" is an improper method of attacking a final judgment under the Tennessee Rules of Civil Procedure.

Counsel for Rodman filed a pleading styled and as follows:

### MOTION TO RECUSE

> Comes the defendant, Rodman Corporation, and moves the Honorable James Jarvis, to recuse himself from any further hearings in this cause for the following reasons:
>
> (1) The trial judge has personal knowledge of disputed evidentiary facts concerning the proceeding. More particularly, the trial judge has personal knowledge of facts disclosed to him at a time prior to the hearing in this cause relating to the defendant's "voluntary" waiver of legal time limits in order to permit an expedited hearing. [Rule 43, Supreme Court Rules, Canon 3(C)(1)(a)]
>
> (2) The trial judge is likely to be a material witness in the proceeding. More particularly, the trial judge can testify as to the magnitude of the litigation, the time consumed in litigation, the relative degree of preparation by the parties and the time over which the preparation occurred, the difficulty experienced by the defendant in presenting its case, the issues presented for hearing and as to the special steps taken by the trial judge to assist the defendant in its defense. [Rule 43, Supreme Court Rules, Canon 3(C)(1)(d)(iv)]
>
> (3) The trial judge was an intimate part of the procedure by which the defendant was required to defend itself which is the subject of the collateral attack filed in this proceeding. [Rule 43,

**916**

Supreme Court Rules, Canon 3(C)(1) and Rule 43, Supreme Court Rules, Cannon 3(A)(4)]

Upon the hearing of arguments the Trial Court overruled the motion to recuse and granted the motion to dismiss.

The Assignments of Error are:

1. The Trial Court erred by refusing to recuse himself in the Rule 60 proceeding.

2. The Trial Court erred in sustaining the motion to dismiss.

█ We have before us the technical record only. There accompanied the technical record papers styled "Transcript of Hearing on Motion". If it is supposed to be a Bill of Exceptions it is not signed by the Trial Judge and in no manner complies with T.C.A. §§ 27–109, 110. We do not consider it.

No error appears on the face of the record.

The judgment below is affirmed.

All Court costs in this Court are adjudged against appellant and surety and execution for same shall issue from this Court.

The case is remanded to the Chancery Court where the Chancellor shall adjudge all of appellee's expenses, including reasonable attorney fees, incident to this appeal and award judgment therefor against appellant.

Honorable William H. Inman, by designation of the Supreme Court of Tennessee, took part in the hearing of this appeal in the absence of Presiding Judge C. S. Carney.

MATHERNE, J., and INMAN, Special J., concur.